59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 George ELBERT, Plaintiff-Appellant,
v.
HOWMEDICA, INC., A DIVISION OF PFIZER HOSPITAL PRODUCTS
GROUP, INC., Defendant-Appellee.
 No. 94-15683.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1995.
Decided June 28, 1995.
 
 Before: PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following a jury verdict, the district court entered judgment of $196,775 for George Elbert against Howmedica, Inc. for damages caused by an allegedly defective prosthetic knee ("PCA knee") manufactured by Howmedica. We have jurisdiction under 28 U.S.C. Sec. 1332 and 28 U.S.C. Sec. 1291.
 
 
 3
 We affirm the decisions denying preemption, reconciling the jury's verdicts and protecting Howmedica's confidential documents. We conclude that the court erred in admitting certain expert testimony, and on that basis we reverse and remand.
 
 
 4
 The jury found that Howmedica was negligent and breached an implied warranty in its manufacture and sale of the PCA knee. But the jury found no strict liability.
 
 
 5
 Howmedica appeals the district court's verdict on three grounds: (1) the district court erred in admitting Kenneth Kayser's testimony regarding the PCA knee deterioration (delamination) and Howmedica's breach of due care in the manufacture and testing of the PCA knee; (2) Elbert's state law claims alleging negligence and breach of implied warranty were preempted by the Medical Device Amendments ("MDA") to the Food and Drug Administration regulations; and (3) the jury's findings of negligence and breach of implied warranty are not reconcilable with its finding against strict liability.
 
 
 6
 Elbert appeals the district court's denial of his motion to lift the pre-trial stipulated order protecting Howmedica's confidential documents. Elbert does not appeal the finding of no strict liability. The issue of strict liability, therefore, is not before the Court.
 
 
 7
 * Elbert's expert in this case, Kenneth Kayser, was an electrical engineer who admitted to having no training or familiarity with prosthetic knee joints or their components prior to his enlistment as an expert witness. Having never before seen a PCA knee, Kayser drew his conclusions regarding Howmedica's manufacturing process and duty to test only from reviewing extracts of articles others had published. Kayser presented no evidence of his experience or qualifications regarding the specific subject areas in which he offered testimony. Yet Kayser's testimony was crucial to the issue of delamination, the critical flaw alleged in the PCA knee. Kayser was the only witness who offered testimony asserting that Howmedica could have known and should have known its PCA knee would delaminate and thereby produce Elbert's injury.
 
 
 8
 The jury's award against Howmedica for negligence and breach of warranty, despite its finding of no strict liability, is strong evidence that Kayser's testimony was prejudicial. We find that the district court abused its discretion under Fed. R. Evid. 702 in permitting the jury to hear Kayser's opinions as to subject areas which were unequivocally outside any area of expertise he might have.
 
 
 9
 Accordingly, we reverse the district court's admission of Kayser's expert testimony.
 
 II
 
 10
 The district court properly considered the scope of the MDA's preemption clause in determining that Elbert's state law claims were not preempted by the MDA. 21 U.S.C. Sec. 360k. The FDA clarified the MDA's preemption clause in its regulations: "State or local requirements are preempted only when the Food and Drug Administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the act." 21 C.F.R. Sec. 808.1(d) (1992). The FDA did not establish specific standards or requirements as to the class II device PCA knee implanted into Elbert with bone cement in 1986. See 21 C.F.R. Sec. 888.3560. Thus we affirm the district court's finding that neither the MDA nor FDA regulations preempted Elbert's state tort actions.
 
 III
 
 11
 The jury's verdicts were neither unreasonable nor irreconcilable. Negligent failure to warn and breach of implied warranty are causes of action distinct from an action for strict product liability.
 
 
 12
 The jury had a number of reasons to not find Howmedica strictly liable for the PCA knee failure. First, Howmedica's product was not abnormally hazardous, since it functioned well for Elbert over a period of years. Second, the PCA knee was unavoidably imperfect, as are all man-made joints. Third, the need for the PCA knee replacement outweighed the harm from the replacement's failure. Finally, Mr. Elbert was held to be partially at fault for pushing his joint beyond its mechanical endurance.
 
 IV
 
 13
 Howmedica reasonably relied on the integrity of the court's protective order when it disclosed information under the initial discovery agreements. The district court did not abuse its discretion in refusing Elbert's request to modify a stipulated protective order for the apparent purpose of facilitating future actions against Howmedica.
 
 
 14
 We affirm the district court's denial of Elbert's motion to lift the protective order.
 
 V
 
 15
 The judgment of the district court is AFFIRMED in part and REVERSED in part. We remand this case for further proceedings consistent with the views set forth above.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3